IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                             Case No. 6:12-CR-10210-JTM

MICHAEL J. McNAUL,
DALE C. LUCAS,
RUSSELL W. KILGARIFF,
LLOYD F. NUNNS,
GREGGORY A. KRAUSE,
STEVEN L. TALLMAN, and
FREDIE J. HEMBREE

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on the government's Motion to Compel Production of "Advice of Counsel Provided" and Documents in Support of the Defense. Dkt. 238. On May 1, 2015, defendants advised the government of their intent to raise the "advice of counsel" defense with regard to defendants' previous counsel, the law firm of Baker and McKenzie. Dkt. 238-1. Defendants were very clear as to the limited extent of the defense:

> Because the indictment is unclear, to the extent that it contains an allegation that the defendants' actions were fraudulent from the inception including the creation and use of the Confidential Information Memorandum, Joint Venture Agreement and other initial documents associated with the creation of the Consolidated and Alliance joint ventures, we intend to introduce evidence that Baker and McKenzie provided advice as to implementing a legally acceptable plan for the creation of the joint ventures. It is our understanding of the law that evidence of such would pertain to the lack of fraudulent intent and good faith in the creation and implementation of the CIM and other documents.

Dkt. 238-1, at 1. Defendants reiterated these boundaries in their response to the government's motion. Dkt. 242 ("The advice of counsel defense was limited to general construction of the

1

confidential information memorandum, joint venture agreements and other documents associated with the initial enrollment of joint partners.").

Also in that May 1 letter, defendants noted as follows:

> The defendants do not voluntarily waive any attorney-client privilege, except as may be required by the Court. The evidence applicable to this notice is limited in time and any waiver of attorney-client privilege does not extend beyond the date of the SEC subpoena in May 2007. It is our position that the defendants entered into a different attorney-client relationship with Baker McKenzie upon the commencement of the SEC investigation with criminal and due process implications. This notice is conditioned upon no waiver of that privilege whether it is ordered or not. If the Court orders a waiver beyond that time period, the defendants withdraw this notice.

Dkt. 238-1, at 1. In their response to the government's motion, defendants request that their waiver of privilege be limited to a cutoff date in May 2007, the date of SEC subpoena, as any advice rendered thereafter "was of a completely different nature and had nothing to do with the creation of the CIMs, etc." Dkt. 242, at 2. Defendants also note that they "do not intend to assert the [advice of counsel] defense based upon any advice or lack thereof provided to them by the law firm relative to whether their actions did or did not comply with those documents." Dkt. 242, at 1-2.

In its motion, the government asserts that defendants have failed to identify the advice upon which they allegedly relied. Nor have they produced any documentation which would identify the nature of the advice sought from Baker and McKenzie. The government acknowledges that there are two different charges against which defendants could use the advice of counsel defense: (1) advice from Baker and McKenzie in drafting the relevant documents, and (2) advice related to the SEC investigation and litigation and whether defendants' alleged actions complied with those documents. The government objects to restricting the waiver of the privilege to a specific date and requests that this court instead compel production of any

documents relevant to defendants' alleged course of conduct and the charges at hand, *regardless* of date.  More specifically, the government seeks an order compelling defendants to produce: (1) any communication from defendants to Baker and McKenzie seeking advice about the legality of defendants' planned course of conduct; (2) any documents provided by defendants to Baker and McKenzie for use by said counsel in rendering its advice about the legality of defendants' actions; (3) communication in which any such advice was provided by Baker and McKenzie to defendants; and (4) any communications between defendants and Baker and McKenzie which occurred after the law firm's original advice and which addresses the manner in which defendants were operating the joint venture which are the subject of this prosecution.

The problems with the government's motion are twofold.  First, it is not entirely clear, based on defendants' response to this motion, whether they intend to even *use* the advice of counsel defense.  As they note, "defendants specifically referenced their concern that FBI memorandum and grand jury testimony, once revealed, could potentially affect their decision [to use the defense].  Those documents have now been provided but have not been completely reviewed."  Dkt. 242, at 1.  The court notes that such confusion is likely the result of the relatively low pleading standards with regard to the Indictment and the government's failure to provide defendants with any specific details of the charges against them.

Second, the documents and communications requested by the government seem to deal *only* with the legality of defendants' planned course of conduct.  Defendants have specifically stated that they do *not* intend to use the advice of counsel defense based upon any advice, or lack thereof, provided to them by Baker and McKenzie as to whether their actions complied with the original documents.  *See* Dkt. 242, at 1-2.

3

Given the serious implications of using the advice of counsel defense (i.e., waiving attorney-client privilege), the court is not now prepared to compel production of communications and/or documents for a defense that defendants may or may not use, and certainly not in response to charges for which defendants have specifically declined to use the defense.

**IT IS THEREFORE ORDERED** this 22nd day of June, 2015, that the government's Motion to Compel Production of "Advice of Counsel Provided" and Documents in Support Thereof (Dkt. 238) is hereby denied.

s/ J. Thomas Marten  
J. Thomas Marten, Chief Judge