IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                  Case No. 6:12-CR-10210-JTM

MICHAEL J. McNAUL,
DALE C. LUCAS,
RUSSELL W. KILGARIFF,
LLOYD F. NUNNS, and
FREDIE J. HEMBREE

        Defendants.

## MEMORANDUM AND ORDER[1]

On June 29, 2015, this court held a *James* hearing to determine the admissibility of alleged co-conspirator statements under FED. R. EVID. 801(d)(2)(E). The court took the matter under advisement and requested that defense counsel submit brief written closing arguments. In their subsequently submitted Motion to Exclude (Dkt. 263), defendants request that the court exclude the statements proffered during the *James* hearing and specifically find the evidence set forth in those exhibits inadmissible as to defendant Dale C. Lucas and other non-declarant co-defendants. Defendants further argue that the government failed to find independent evidence that defendant Lucas was part of the alleged conspiracy.

After careful review of the testimony, the court denies defendants' Motion to Exclude (Dkt. 263) in its entirety.

---

[1] It should be noted that the government dismissed defendants Steven L. Tallman and Greggory A. Krause on July 16, 2015. Dkts. 266, 267.

### I.     Legal Standard

Co-conspirator statements may be admitted if the court finds that: (1) a conspiracy existed, (2) both the declarant and the defendant against whom the declaration is offered were members of the conspiracy, and (3) the statements were made in the course of and in furtherance of the conspiracy.  *United States v. Ramirez*, 479 F.3d 1229, 1248 n.11 (10th Cir. 2007).  To establish a conspiracy, the government must show: (1) two or more persons agreed to violate the law, (2) the defendant knew the essential objectives of the conspiracy, (3) the defendant knowingly and voluntarily participated in the conspiracy, and (4) the alleged coconspirators were interdependent.  *United States v. Yehling*, 456 F.3d 1236, 1240 (10th Cir. 2006).

The party offering the evidence must establish these facts by a preponderance of the evidence.  *Bourjaily v. United States*, 483 U.S. 171, 176 (1987).  Such evidence may include the statements themselves, but the statements alone are insufficient to establish the existence of a conspiracy and that the declarant and the defendants were members of it.  *Id*.

In determining whether the government has satisfied its burden, the court has discretion to consider any non-privileged evidence, including both the challenged co-conspirator statements and any hearsay evidence, regardless of whether that evidence would be admissible at trial.  *See United States v. Owens*, 70 F.3d 1118 (10th Cir. 1995).

### II.     Findings

The government presented testimony at the *James* hearing from FBI Special Agent Thomas Ensz, the lead case agent in the investigation of defendants.  SA Ensz testified at length about the formation of the Joint Ventures at issue in this case, the documents associated therewith, and the alleged criminal activity of defendants with regard to those Joint Ventures and associated documents.

After careful review of the evidence, the court finds that the government has shown, by a preponderance of the evidence, that a conspiracy existed, and that the conspiracy included defendants. The court finds that the material is admissible given the content and the testimony of SA Ensz. The evidence shows the existence and the nature of the alleged conspiracy, that the declarant and defendants were parties to the conspiracy, and that the statements were made in furtherance of the conspiracy. *See Owens*, 70 F.3d at 1123. As such, defendants' Motion to Exclude (Dkt. 263) is denied.

**IT IS SO ORDERED** this 20th day of July, 2015.

<u>s/J. Thomas Marten</u>
J. Thomas Marten
Chief Judge